949 F.2d 397
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Dale LASSEN, Defendant-Appellant.
 No. 91-1280.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Dale Lassen appeals a sentence imposed under the United States Sentencing Guidelines. Oral argument has been waived.
 
 
 2
 Lassen pleaded guilty to a charge of conspiracy to possess marijuana with intent to distribute it, a violation of 21 U.S.C. § 846. He was sentenced to 18 months imprisonment and three years supervised release. Lassen filed a timely appeal in which he asserted, among other things, that the district court had improperly determined the amount of marijuana involved in the offense and had applied the guidelines improperly in light of United States v. Davern, 937 F.2d 1040 (6th Cir.1991).
 
 
 3
 Upon review, we conclude that defendant's assignments of error are not well taken. The district court correctly determined Lassen's base offense level by reference to the total amount of marijuana involved in the conspiracy, see United States v. Gessa, Nos. 90-5825/5903, slip op. at 8-9 (6th Cir. Aug. 29, 1991), and the Davern decision was vacated on September 26, 1991, when the court decided to rehear the case en banc.
 
 
 4
 The government has called it to our attention, however, that the district court appears to have used the wrong total offense level in calculating the guideline sentencing range. Given the quantity of marijuana involved in the conspiracy (between 1 and 2.5 kilograms), the defendant's base offense level was 10. U.S.S.G. § 2D1.1(c). The court declined to adjust the offense level, but nonetheless used a total offense level of 12 in determining the guideline range under the sentencing table. In light of the defendant's criminal history category (III), the court's use of offense level 12 produced a range of 15-21 months. If offense level 10 had been used, the range would have been 10-16 months. The sentence imposed by the court exceeded the appropriate guideline range by two months, and it does not appear that a departure was intended.
 
 
 5
 Accordingly, as suggested by the government, the district court's judgment is vacated and the case is remanded for resentencing.